

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>INSURANCE COMPANY OF BRITISH COLUMBIA,<br><br>        Defendant. | CV 09-762-ST<br><br>ORDER |

MARSH, Judge:

    Defendant filed a Notice of Removal of this case from Multnomah County Circuit Court. In the state court proceeding, a default judgment had been entered against defendant for failing to timely appear. On removal, defendant filed a Motion to Vacate Default and to Dismiss (#4) pursuant to Fed. R. Civ. P. 60(b) on the ground, *inter alia*, that the default judgment was void *ab initio* for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act (FISA), 28 U.S.C. §§ 1602-11.

1 - ORDER

On November 19, 2009, Magistrate Judge Stewart issued a Findings and Recommendation (#29) that defendant's Motion to Vacate Default and to Dismiss should be **GRANTED** based on lack of subject matter jurisdiction.

Plaintiff has filed timely objections and the matter is now before me pursuant to 28 U.S.C.§ 636(b)(1)(B) and Fed. R. Civ. P. 72(b) on de novo review.  See 28 U.S.C. § 636(b)(1)(c); Bhan v. NME Hospitals, Inc., 929 F.2d 1404, 1415 (9th Cir. 1991).

Magistrate Judge Stewart thoroughly addressed and carefully analyzed the interesting issues as to the court's subject matter jurisdiction raised in defendant's motion.  I find no error in the Findings and Recommendation and I adopt them as my own. Accordingly, defendant's Motion to Vacate Default and to Dismiss (#4) is **GRANTED**.

IT IS SO ORDERED.

DATED this 25 day of January, 2010.

_____
Malcolm F. Marsh
Senior United States District Judge

2 - ORDER